Dear Mayor Abrusley:
This office is in receipt of your request for an opinion of the Attorney General in regard to your power to appoint a five member Citizen's Investigative Committee to inquire into an incident involving three of the city's police officers. You indicate that the Sheriff and District Attorney are presently investigating the incident, and you feel a Citizen's Investigative Committee may impair this official investigation.
Obviously you may appoint individuals of your choice to constitute a citizen committee for fact finding studies and to render advice based upon their findings, but they would have no power to take action on their own. However, the advisability of having such a committee is solely within your discretion.
Inquiry has indicated that Oakdale is a Lawrason community that now has an elected Chief of Police, having had until recently an appointed Chief of Police. Under R.S. 33:404(A) the mayor has the duty and responsibility "to appoint and remove municipal employees" subject to applicable civil service rules. We have been informed that civil service was adopted approximately twenty years ago for the Oakdale police department, and they operate in accordance with the provisions for civil service for municipalities between 7,000 and 13,000 population. The mayor would be the "appointing authority" for the police civil service personnel as is defined in R.S.33:2533 as the "person having the power to make appointments to positions in the municipal, parish or fire protection district fire service", Atty. Gen. Op. No. 91-93.
However, while the mayor may be the appointing authority under the civil service the law, R.S. 33:2537 provides in part that the Civil Service Board represents the public interest in matters of personnel administration, is to advise and assist the mayor, and they are to conduct investigations and pass upon complaints by or against any officer or employee in the classified service, R.S.33:2537. Moreover, while R.S. 33:2560 provides that the tenure of persons in positions of classified service "shall be during good behavior" and the "appointing authority may remove any employee from the service or take such disciplinary action as circumstances warrant", the statute further provides that upon written request of any qualified elector the Board shall "make an investigation of the conduct and performance of any employee in the classified service, and thereupon, may render such judgment and order action to be taken by the appointing authority."
Consequently, it appears that the proper investigatory body to investigate the conduct of police as civil service employees is the Civil Service Board and the Mayor must abide by their directive.
Also, any charge for criminal action is not a matter for the Mayor who is the chief executive officer of the community, but is a matter for law enforcement officials and the district attorney, and it is our understanding that they are already investigating the incident in question.
Therefore, your authority as the executive officer of the community would be limited to appointment of committees for fact finding inquires, and they in turn could render advice to you based upon conclusions drawn from the facts. Obviously, they would have no authority for any independent action, and your action would be limited by statutory provisions as to your powers and duties.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: September 15, 1997 Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General